<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-2027**

---

WESTFIELD INSURANCE COMPANY,

        Plaintiff - Appellee,

    v.

CARPENTER RECLAMATION, INC., a West Virginia corporation,

        Defendant - Appellant,

    and

THE BOARD OF EDUCATION OF GREENBRIER COUNTY, WEST VIRGINIA,
a statutory corporation,

        Defendant.

---

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.   Irene C. Berger,
District Judge. (5:13-cv-12818)

---

Submitted: May 29, 2015          Decided: June 9, 2015

---

Before KEENAN and WYNN, Circuit Judges, and DAVIS, Senior
Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Carl J. Roncaglione, Jr., LAW OFFICE OF CARL J. RONCAGLIONE,
JR., Charleston, West Virginia, for Appellant.  Brent K. Kesner,
KESNER & KESNER, PLLC, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carpenter Reclamation, Inc. (Carpenter), appeals from the district court's order granting Westfield Insurance Company (Westfield)'s motion for summary judgment in its declaratory judgment action. Carpenter challenges the district court's grant of summary judgment in Westfield's favor and the denial in part and denial of its motions to compel discovery. We conclude that Carpenter fails to establish reversible error in the district court's judgment and affirm.

We review de novo the district court's award of summary judgment and view the facts in the light most favorable to the non-moving party. Woollard v. Gallagher, 712 F.3d 865, 873 (4th Cir. 2013). "Summary judgment is appropriate only if the record shows 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(a)).

The relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). To withstand a summary judgment motion, the non-moving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial. See Thompson v.

3

Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) ("Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case." (internal quotation marks omitted)). We will uphold the district court's grant of summary judgment unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. See EEOC v. Cent. Wholesalers, Inc., 573 F.3d 167, 174-75 (4th Cir. 2009).

We conclude after review of the record and the parties' briefs that the district court did not reversibly err in granting summary judgment to Westfield. Westfield sought a declaratory judgment that its insurance policy did not provide coverage for the defense or indemnification of Carpenter and that it had no duty to defend or indemnify Carpenter against claims asserted in state court by Defendant the Board of Education of Greenbrier County, West Virginia (Board), arising from Carpenter's contract with the Board. We reject as without merit Carpenter's challenge to the district court's determinations that the Board's petitions in state court did not allege conduct covered under the policy and thus did not trigger Westfield's duty to defend. Contrary to Carpenter's suggestion, the district court did not violate West Virginia law or otherwise reversibly err in concluding that the Board's petitions did not allege property damage caused by an occurrence

4

covered under the policy. See Cherrington v. Erie Ins. Prop. & Cas. Co., 745 S.E.2d 508, 511, 520 (W. Va. 2013); W. Va. Fire & Cas. Co. v. Stanley, 602 S.E.2d 483, 492 (W. Va. 2004). We also reject as unsupported and otherwise without merit Carpenter's remaining arguments challenging the district court's determination that Westfield's duty to defend was not triggered in this case and decline Carpenter's invitation to certify issues to the Supreme Court of Appeals of West Virginia.

Carpenter also challenges the magistrate judge's order denying in part its motion to compel and the district court's ruling denying as moot its other motions to compel. District courts are afforded substantial discretion in managing discovery, and this court reviews discovery rulings for abuse of discretion. United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002). Evidentiary rulings in the district court, even if constituting an abuse of discretion, are reversible only if they affect Carpenter's substantial rights. See Buckley v. Mukasey, 538 F.3d 306, 317 (4th Cir. 2008). "[E]videntiary errors do not affect substantial rights, and thus are harmless, if [a] reviewing court is able to say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially

swayed by the errors." Id. at 320 (internal quotation marks omitted).

We need not resolve the merits of Carpenter's challenges to the denial and denial in part of its motions to compel. Even assuming that the denials were erroneous, we conclude after review of the briefs that Carpenter has not plausibly suggested any basis for concluding that the documents it sought in its motions would have any bearing on the dispositive issues in this case. Accordingly, any error in the denial of the motions was harmless.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED